UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERCHANTS CREDIT CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>HEIDI J. ANGLIN, et al.,<br><br>                Defendants. | CASE NO. C17-0026JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Defendants Heidi J. Anglin and Ernest R. Anglin's January 6, 2017, notice of removal. (Not. (Dkt. # 1).) In June 2016, Plaintiff Merchants Credit Corporation sued the Anglins in Whatcom County District Court, alleging purely state law-based contract claims. (*See* Compl. (Dkt. # 1-4); Not. at 2.) The Anglins predicate subject matter jurisdiction on their "counterclaim against Merchants" and their "third party claim against PeaceHealth" Medical Group. (Not. at 2.) The Anglins allege that

ORDER - 1

Merchants and PeaceHealth violated various federal statutes and therefore assert that this court has federal question jurisdiction. (*Id.*)

The court is not convinced that the Anglins' counter-complaint or third-party complaint satisfy the well-pleaded complaint rule. Federal jurisdiction cannot "rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (concluding that "the well-pleaded-complaint rule, properly understood," does not "allow[] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction"). Furthermore, given that third-party defendants do not qualify as defendants for purposes of the removal statute, the court is skeptical that the Anglins, as third-party plaintiffs, may render this case removable and undermine Merchants's mastery of the complaint by filing a third-party complaint asserting federal claims. *See Aramid Entm't B.V. v. Bontempo Holdings, LLC*, No. CV 10-9078 PA (FFMx), 2011 WL 71441, at *2 (C.D. Cal. Jan. 7, 2011) (citing *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002)); *see also People of State of Cal. ex rel. Lungren v. Keating*, 986 F.2d 346, 347-48 (9th Cir. 1993) (explaining the voluntary act doctrine). The Anglins do not acknowledge the foregoing authority, and they cite no authority to support this court's exercise of subject matter jurisdiction. (*See generally* Not.)

Based on this analysis, the court ORDERS the Anglins to show cause no later than February 1, 2017, why the court should not remand this case for lack of subject matter jurisdiction. The Anglins' response may not exceed five (5) pages and, unlike the

ORDER - 2

1  Anglins' previous filings, must comport with the formatting requirements of the Local
2  Civil Rules. *See* Local Rules W.D. Wash. LCR 10. All other parties may, but are not
3  required to, respond to this order to show cause subject to the same deadline and page
4  restriction.

5  Dated this 19th day of January, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3